IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MIKE RUTLEDGE**                                                                                    **PLAINTIFF**

v.                                          CIVIL ACTION NO. 1:23-cv-00281-TBM-RPM

**UNKNOWN WOODALL**                                                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* for consideration of dismissal. When he filed his Complaint on October 23, 2023, *pro se* Plaintiff Mike Rutledge was an inmate housed at the Wilkinson County Correctional Facility in Woodville, Mississippi. [1], p. 2. His claims arise under 42 U.S.C. § 1983, and he names Dr. Unknown Woodall as Defendant. [1], pp. 2-3. Plaintiff is proceeding *in forma pauperis*. [12], pp. 1-3. For the following reasons, the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to provide a valid address for service of process.

                                                           **I.    BACKGROUND**

Plaintiff avers that Dr. Woodall is the former medical director at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, where Plaintiff was previously housed. [1], pp. 2, 4-5. The events giving rise to this lawsuit occurred at SMCI between November 2021 and January 2022. [1], p. 4.

Plaintiff claims that he was given an x-ray after he "twisted [his] foot and tore tendons." [1], p. 5. He later requested an MRI and was "denied 3 times." [1], p. 5. Plaintiff was told instead "to let [his] foot heal in 4 to 6 weeks" and to request medical attention again at that time. [1], p. 5. Because his foot "wasn't broken," Plaintiff was advised that "there was no rush for [an] MRI."

[1], p. 5. Plaintiff says that he cannot "bend [his] left foot nor put a lot of weight on it." [1], p. 5. He still has "to wear a brace" and occasionally has trouble "get[ting] up on a top rack." [1], p. 5. Plaintiff insists that he received no follow-up treatment for his injured foot. [1], p. 5. And he seeks $10,000.00 in compensatory damages for "medical malpractice." [1], p. 3, 5.

On March 5, 2024, the Court issued a Notice of Lawsuit and Request to Waive Service of a Summons to Dr. Woodall at the attention of counsel for VitalCore Health Strategies. [15], pp. 1-2. Counsel advised the Court by sealed response that they could not waive service of process for Dr. Woodall because he is no longer employed by VitalCore. [18], p. 1. Rather, counsel provided the Court with Dr. Woodall's last-known mailing address. [18], p. 1. On April 9, 2024, the Court issued summons to Dr. Woodall at the last-known mailing address provided by counsel. [19], pp. 1-2. A Deputy United States Marshal attempted service of process at that address but was unable to locate Dr. Woodall. [21], pp. 2-3. The Deputy Marshal reported that he spoke with a "family member," who advised that Dr. Woodall is currently suffering with a debilitating medical condition and is living elsewhere. [21], p. 3. No forwarding address was provided.

On May 1, 2024, Plaintiff was advised that it is his "responsibility to prosecute this case, including identifying [Dr.] Woodall's location for service of process." [22], p. 1. He was directed to "(1) provide a current address for [Dr.] Woodall, or (2) if unsuccessful in obtaining this information, explain why, or (3) voluntarily dismiss [Dr.] Woodall as a Defendant." [22], p. 1. Plaintiff responded that he is "currently locked down in the hole" and is "unable to find or locate Dr. Woodall's address." [23], p. 1. The Court then gave Plaintiff yet another opportunity "to provide the Court with [Dr.] Woodall's current address for service of process." [24], p. 3. The Court warned Plaintiff that "he must attempt to remedy" this defect in service of process and that

2

otherwise "the Court is within its discretion to dismiss this case without prejudice." [24], p. 2. Plaintiff responded again that he has "no means or way to . . . obtain an address for [Dr.] Woodall" because he is currently "in lockdown" without access "to the right sources or materials need[ed] to obtain this address." [25], p. 1.

## II. DISCUSSION

This case will be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for Plaintiff's "failure to provide a valid address for service" of process. *See Clay v. Allen*, No. 03-60413, 2004 WL 330864, at *1 (5th Cir. Feb. 20, 2004) (affirming dismissal of case for a prisoner plaintiff's failure to effect service of process). "Special rules govern procedure for service of process in cases filed by plaintiffs proceeding *in forma pauperis*." *Pugh v. Green*, No. 5:18-cv-00032-DCB-MTP, 2019 WL 2372618, at *2 (S.D. Miss. June 5, 2019) (emphasis altered). Under 28 U.S.C. § 1915, "[t]he officers of the court shall issue and serve all process" in these cases. *See also* FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 . . . .") (emphasis added).

"Once the *in forma pauperis* plaintiff has taken reasonable steps to identify the defendants, 'the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants.'" *Pugh*, 2019 WL 2372618, at *2 (quoting *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)) (emphasis altered). Under these circumstances, the plaintiff "is entitled to rely upon the United States Marshals for sufficient service and should not be penalized for failure of a Deputy Marshal to properly effect service of process." *Id.* (quotation omitted). But the Rules do not "require the Marshals Service to become

3

Plaintiff's personal investigator to track down any named Defendant." *Warner v. Village of Ruidoso*, No. 12-627-MCA-GBW, 2016 WL 10721483, at *3 (D.N.M. Feb. 1, 2016). "[T]he Marshals Service is obligated to *deliver* process to a defendant, but [is] not solely responsible for the distinct act of *locating* defendants for *in forma pauperis* plaintiffs." *Id.* (emphasis in original). When "the plaintiff is made aware of possible defects in service of process, he must attempt to remedy them." *Pugh*, 2019 WL 2372618, at *2.

To discharge its obligation under § 1915, the Court issued a Notice of Lawsuit and Request to Waive Service to Dr. Woodall's former employer, [15], pp. 1-2, which provided his last known address, [18], p. 1. The Court then issued summons to Dr. Woodall and directed the United States Marshals Service to serve it at his last-known address. [19], pp. 1-2. The attempt at service of process was unsuccessful because Dr. Woodall no longer resides at the last-known address provided by counsel for VitalCore. [21], pp. 1-3. The Deputy Marshal was advised that Dr. Woodall is in poor health and now resides elsewhere, but he was not provided with Dr. Woodall's current address. [21], pp. 2-3. Plaintiff was promptly made aware of this defect and warned that it is his "responsibility to prosecute this case." [22], p. 1. He has since been cautioned that this case may be dismissed if he fails to provide a proper address for service of process. [24], p. 2. More than a year has passed since that warning was issued, and Plaintiff has taken no additional steps to remedy this defect in service.

Plaintiff argues that his present incarceration has kept him from accessing "the right sources or materials need[ed] to obtain [Dr. Woodall's] address." [25], p. 1. These circumstances certainly justify an extension of time within which to perfect service, *see Antonelli v. Sheahan*, 81 F.3d 1422, 1426 (7th Cir. 1996), and the Court has now given Plaintiff more than a year to provide

4

Dr. Woodall's current address or to take any discernible steps toward obtaining that information. But the record does not demonstrate that Plaintiff wrote letters, made telephone calls, or accessed library or internet resources to ascertain Dr. Woodall's current address. Indeed, Plaintiff has entirely failed to communicate with the Court since May 28, 2024, despite being moved to a new facility in the intervening time and thus failing in his obligation to advise the Court about his change of address.[1]

Under these circumstances, Plaintiff's incarceration does not justify his failure to move this case forward. Courts have repeatedly dismissed parties without prejudice for a plaintiff's months-long failure to provide an address for service of process—despite the plaintiff's status as an incarcerated person. *See, e.g.*, *Lamonte v. Woodall*, No. 1:23-cv-00177-LG-BWR, 2024 WL 1837221, at *2-3 (S.D. Miss. Apr. 26, 2024) (dismissing a lawsuit against Dr. Woodall under the same circumstances); *Oby v. Green*, No. 5:22-cv-00054-BWR, 2024 WL 770646, at *4-5 (S.D. Miss. Jan. 16, 2024); *Pride v. Meaut*, No. 1:22-cv-00220-TBM-BWR, 2023 WL 4141674, at *2 (S.D. Miss. Feb. 6, 2023), *report and recommendation adopted by* 2023 WL 4142013, at *1 (S.D. Miss. June 22, 2023); *Searles v. Werholtz*, No. 06-3198-JAR, 2010 WL 4861123, at *3 (D. Kan. Nov. 16, 2010). This consensus sends a clear message: an *in forma pauperis* plaintiff's responsibility for perfecting (or assisting with the perfection of) service of process does not end at the jailhouse doors.

"A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (emphasis added). "Considering the age of the case, Plaintiff's failure to provide

---

[1] *See* Inmate Details, Mike Rutledge, *available at* https://www.ms.gov/mdoc/inmate/Search/GetDetails/199668 (last accessed June 4, 2025). The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

5

an address for service of process . . . , and the Court's warnings to Plaintiff that it was his responsibility to prosecute this matter," Plaintiff's claims against Dr. Woodall should be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). *See Pugh*, 2019 WL 2372618, at *2 (quotation omitted); *see also Armant v. Stalder*, 351 F. App'x 958, 959 (5th Cir. 2009) (dismissing appeal as frivolous where a plaintiff proceeding *in forma pauperis* "was aware of defects in . . . service . . . but did not take any steps to remedy the defects"); *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344-45 (5th Cir. 2007) ("[W]hen the failure of effective service may be ascribed to the plaintiff's dilatoriness or fault or inaction, the case may be properly dismissed." (quotation omitted)).[2]

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) for Plaintiff Mike Rutledge's failure to provide a valid address for service of process. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**THIS, the 4th day of June, 2025.**

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[2] A dismissal without prejudice may bar future litigation if the applicable statute of limitations is near expiring. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). But such dismissal is appropriate "if [Plaintiff's] failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.* Lesser sanctions include "explicit warnings," *Thrasher*, 709 F.3d at 516 (quotation omitted), and Plaintiff has received two explicit warnings that it is his responsibility to provide a valid address for service of process, [22], pp. 1-2; [24], pp. 1-3. The Court is satisfied that these warnings, coupled with a generous allotment of more than a year to remedy the defect in service, justifies dismissal of this case.